IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:25-cv-05031-MDH |
| MELISSA FARLEY f/k/a MELISSA NORRIS, et. al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Reannan Moser's ("Defendant Moser") Motion to Dismiss or, in the Alternative, Motion to Stay. (Doc. 18). Defendant Moser has filed suggestions in support (Doc. 19), Plaintiff State Automobile Mutual Insurance Company ("Plaintiff") has filed suggestions in opposition (Doc. 21) and Defendant Moser has filed a reply. (Doc. 27). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant Moser's Motion to Dismiss is **DENIED**. Alternatively, Defendant Moser's Motion to Stay is **DENIED**.

## BACKGROUND

Plaintiff in this case seeks a declaratory judgment under 28 U.S.C. § 2201 stating that the State Auto Policy provides no liability coverage for Defendants Melissa Farley, Blake Norris, and Carolyn Norris (collectively "the Norris Defendants") with respect to claims alleged against them by Defendant Moser arising out of the death of Defendant Moser's daughter, Mylee Moser ("Decedent"), in the underlying state proceeding. Plaintiff is a foreign insurance company organized and existing under the laws of Ohio, with its principal place of business in Massachusetts. Defendants Melissa Farley, Blake Norris and Carolyn Norris are all citizens of

1

Missouri and residents of Newton County, Missouri. Defendant Moser is a citizen of Missouri and a resident of Jasper County, Missouri.

On February 6, 2025, Defendant Moser filed a petition in the Circuit Court of Newton County, Missouri alleging various counts of negligence against the Norris Defendants based on the wrongful death of Mylee Moser. Defendant Moser filed her petition based upon an incident on July 4, 2024, where Decedent passed away due to injuries from an incident that occurred at 7057 Rosebay Drive, Neosho, Missouri 64850 ("Property"). Defendant Farley owned the Property during the alleged July 4, 2024, incident and had a homeowner's policy through Plaintiff. Plaintiff brings this action seeking a declaratory judgment that under the homeowner's policy, it has no duty to defend or indemnify the Norris Defendants in the underlying state proceeding.

Defendant Moser brings her Motion to Dismiss, or in the Alternative, Motion to Stay arguing that Missouri Supreme Court precedent unequivocally bars Plaintiff's actions in this case and requires them to file their declaratory action in the same court as the underlying tort case. Defendant Moser also argues that based on *Wilton/Brillhart* abstention principles, this Court should exercise its discretion in refusing to hear the declaratory action or alternatively stay the case. The Court will take each argument in turn.

## STANDARD OF REVIEW

"As a general rule, a federal district court must exercise its jurisdiction over a claim unless there are exceptional circumstances for not doing so. But this general rule yields to practical considerations and substantial discretion when the federal complaint seeks a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a)." *Addison Ins. Co. v. Lou Budke's Arrow Fin. Co.*, No. 4:24-CV-00790-JAR, 2025 WL 457748, at *5 (E.D. Mo. Feb. 11, 2025) (quoting

2

Case 3:25-cv-05031-MDH    Document 77    Filed 08/11/25    Page 2 of 13

*Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022)). This Court has "unique and substantial" discretion to decide whether to decide cases raised under the Declaratory Judgment Act. *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) (citing *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967 (8th Cir. 2013)); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). It is well settled that the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right on the litigant." *James River Ins. Co. v. Impact Strategies, Inc.*, 699 F. Supp. 2d 1086, 1088 (E.D. Mo. 2010) (quoting *Wilton*, 515 U.S. at 287).

## ANALYSIS

I.     *McCrackin* and the "Intervention-and-Stay Solution"

Defendant Moser first argues that Plaintiff has violated *McCrackin v. Mullen*, 701 S.W.3d 868 (Mo. 2024) and the "Intervention-and-Stay Solution" provided under Missouri law. Defendant Moser contends that pursuant to *McCrackin* Plaintiff should have filed their declaratory judgment action in the Circuit Court of Newton County, Missouri rather than this Court and thus this Court should stay or dismiss the declaratory judgment action. Plaintiff argues that *McCrackin's* "intervention-and-stay solution" does not and cannot require an insurer to file its declaratory judgment action in state court, rather than federal court. Plaintiff also argues that *McCrackin* is irrelevant to federal abstention law.

*McCrackin* stands for the proposition that liability insurers with good faith coverage questions concerning an underlying tort action against an insured have an interest in protecting their right to defend the tort action, which creates a right to intervene in the tort action for the limited purpose of seeking a stay in the tort action while coverage questions are litigated in a

3

separate declaratory judgment. *McCrackin v. Mullen*, 701 S.W.3d 868 (Mo. 2024). The Missouri Supreme Court stated that "[i]nsurers with good faith coverage questions *should* file a declaratory judgment action simultaneous with the underlying tort action and seek a stay of the tort action until the declaratory judgment action is resolved." *Id*. at 876 (emphasis added). The Missouri Supreme Court stated:

> In the future, it is *advised* that insurers file the declaratory judgment action in the same court as the tort action whenever possible. Such practice will ensure coverage questions can be determined in a consistent manner to prevent unnecessary delay of the underlying tort action.

*Id*. at 877, n.11. (Emphasis added).

The Court finds that *McCrackin* does not create an affirmative duty for an insured to file a declaratory judgment in the same court as the underlying tort action. Defendant Moser emphasizes footnote 11 in *McCrackin* for the proposition that an insurer must file its declaratory judgment action in the same court as the underlying tort action. However, the plain language in the footnote above is passive, asserting what might be considered a best practice compared to a mandatory obligation. Here, Plaintiff has followed the intervention-and-stay solution as articulated in *McCrackin*. Defendant Moser filed her wrongful death action in the Circuit Court of Newton County, Missouri on February 6, 2025. *See Reannan Moser v. Melissa B Norris et al*, 25NW-CV00383. Plaintiff filed its declaratory judgment action in this Court on April 17, 2025, and moved to intervene and stay the underlying state case until the declaratory judgment action was resolved on April 22, 2025. *Id*. Plaintiff did not have a mandatory obligation under *McCrackin* to file its declaratory judgment action in the same court as the underlying tort action and thus the Court will proceed to see if *Wilton/Brillhart* abstention is appropriate in this case.

II. *Wilton/Brillhart* **Abstention**

4

Case 3:25-cv-05031-MDH    Document 77    Filed 08/11/25    Page 4 of 13

Generally, a federal district court must exercise its jurisdiction over a claim unless there are "exceptional circumstances" for not doing so. *Moses H. Cone Mem. Hosp. V. Mercury Constr. Corp.*, 460 U.S. 1, 16–19, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In *Wilton v. Seven Falls Co.*, however, the Supreme Court held that a federal district court has much broader discretion in determining whether to exercise jurisdiction in a declaratory judgment action during the pendency of parallel state court proceedings. 515 U.S. 277, 282–90, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). The *Wilton* Court expressly limited its holding to those instances in which parallel proceedings are pending in state court, stating that it was "not attempt[ing] at this time to delineate the outer boundaries of [the district court's] discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings. *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir. 2005) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–90, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)). Thus, this Court must resolve the threshold issue of whether parallel proceedings were pending in state court at the time Plaintiff brought its declaratory judgment action.

### A. Parallel Cases

Defendant Moser next argues that this action and the underlying state action are parallel. Specifically, Defendant Moser argues that all parties appeared in the state court and are subject to the state court's jurisdiction. Defendant Moser additionally argues that the declaratory action is likely to be resolved through state court proceedings. Plaintiff argues that there is no parallel state court action. Plaintiff asserts that it is not a party to Defendant Moser's state court wrongful death

5

action. Plaintiff concedes it filed a motion to intervene in the underlying wrongful death action, but for the sole purpose of staying the action rather than to substantively litigate it. Plaintiff further argues that Missouri law prohibits Plaintiff from injecting matters of insurance coverage into the state court wrongful death action. Lastly, Plaintiff argues that the state wrongful death action will not, in any way, fully and satisfactory resolve the dispute or uncertainty at the heart of the federal declaratory judgment action.

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Addison Ins. Co. v. Lou Budke's Arrow Fin. Co.*, No. 4:24-CV-00790-JAR, 2025 WL 457748, at *5 (E.D. Mo. Feb. 11, 2025) (quoting *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005)). The Supreme Court has described such suits as presenting "the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L. Ed. 1620 (1942). Under *Brillhart*, the Court must also consider "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amendable to process in that proceeding…." *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008) (quoting *Brillhart*, 316 U.S. at 495).

Here, the Court finds that the federal declaratory action and the underlying state tort case are not parallel. Defendant Moser filed her wrongful death action against the Norris Defendants asserting an individual count of wrongful death premised on a theory of negligence against each of them, a fourth count of negligence per se against all Norris Defendants, and a fifth count for punitive damages against all Norris Defendants. Defendant Moser did not sue or include within the underlying state action Plaintiff. Plaintiff sought to intervene in the state action for the limited purpose of staying the state proceeding until this Court could adjudicate its declaratory judgment

action. The state court granted Plaintiff's motion to intervene on July 25, 2025. *See Reannan Moser v. Melissa B Norris et al*, 25NW-CV00383. While the same parties are represented, Plaintiff is not there for the purpose of litigation, but rather to stay the underlying state case as noted in *McCrackin*. Defendant Moser had an opportunity to include Plaintiff within the state petition and failed to do so. Additionally, the federal case specifically focuses on whether Plaintiff has a duty to defend the Norris Defendants whereas the state case solely focuses on the negligence of the Norris Defendants. The Court finds that the parties are not substantially litigating the same issues. The Court further finds that the claims of all parties in interest cannot satisfactorily be adjudicated in the underlying state court wrongful death action because the right of Plaintiff to know whether it must defend or indemnify the Norris Defendants will not be litigated in the state court. For the reasons stated, the Court finds that this case and the state proceeding are not parallel.

### B. *Scottsdale* Factors

Defendant Moser next argues, assuming the Court finds no parallel state action exists that it satisfies the six *Scottsdale* factors and the Court should dismiss or stay the declaratory judgment action. Plaintiff argues that the *Scottsdale* factors weigh in favor of proceeding with this action.

If no parallel state action is pending, the Eighth Circuit has directed district courts to examine six factors when determining whether to exercise jurisdiction over a declaratory judgment action. *Endurance Am. Specialty Ins. Co.*, No. 19-00654-CV-W-GAF, 2019 WL 11648518, at *2 (W.D. Mo. Dec. 19, 2019) (citing *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 998–99 (8th Cir. 2005)). Those factors are:

> (1) Whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's

interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 998 (8th Cir. 2005).

i. **Useful Purpose**

Defendant Moser concedes that Plaintiff and the Norris Defendants resolving their contractual dispute through a declaratory action will serve a useful purpose in clarifying and settling the legal relations in issue. Plaintiff argues that this declaratory judgment action, not Defendant Moser's wrongful death action, will decide whether Plaintiff has a duty to defend or indemnify the Norris Defendants. The Court finds that the first *Scottsdale* factor weights in favor of proceeding with the declaratory action.

ii. **Afford Relief from Uncertainty, Insecurity, and Controversy**

Defendant Moser argues that the declaratory judgment will not terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding. Specifically, Defendant Moser argues that this Court will have to resolve a multitude of factual matters to determine whether multiple different exclusion provisions are applicable. Defendant Moser assets that whatever findings this Court makes on those factual determiantions, the underlying issues are directly relevant and will be litigated through trial in the wrongful death action in state court. Plaintiff argues the declaratory judgment action will afford relief from the uncertainty, insecurity, and controversy between Plaintiff and the Norris Defendants. Plaintiff

8

argues that the declaratory judgment action does not require this Court to resolve any factual issues but rather to compare the language of the State Auto Policy to the pleaded factual allegations in Defendant Moser's wrongful death action.

The Court finds that the declaratory judgment will afford relief from the uncertainty, insecurity, and controversy between Plaintiff and the Norris Defendants. The federal declaratory action will resolve the issue of whether Plaintiff owes a duty to defend or indemnify the Norris Defendants in the underlying state wrongful death action. The Court does not anticipate having to resolve factual matters that would impact the underlying state wrongful death action but would clarify the obligations of Plaintiff with respect to the state proceeding. For the reasons stated, the Court finds the second *Scottsdale* factor weighs in favor of proceeding with the declaratory action.

### iii. State's Interest

Defendant Moser next argues that Missouri has a strong interest in deciding the issues in this action. Defendant Moser argues that these are exclusively claims brought under Missouri law, pursuant to a Missouri contract of insurance issued on a Missouri residence in which a Missouri citizen lost her life. Defendant Moser further argues that all parties in the underlying wrongful death state action are Missouri residents. Plaintiff argues that Missouri does not have a strong interest in deciding the issues in this case as no Missouri state court has been called upon to address the coverage issues, so a determination of the coverage issues by this Court would not conflict with any state court determination. Plaintiff further argues that the coverage issues raised in this declaratory judgment action can be resolved based on existing precedent; they do not involve any novel or complex questions of law, questions of first impression, or split in state authority.

The Court finds that Missouri does not have a strong interest in deciding the issues in this case. The Court agrees with Plaintiff that no courts in Missouri have been asked to decide whether Plaintiff must defend or indemnify the Norris Defendants. Rather, Plaintiff has filed to stay the state proceeding until this Court has determined the issue of coverage. *See Reannan Moser v. Melissa B Norris et al*, 25NW-CV00383. While Defendant Moser is correct that the issues in this case stem from a Missouri contract, based on insurance coverage on property located in Missouri, federal courts regularly adjudicate issues of state law, particularly state contract law. The Court finds that this case presents no issues of state laws that are also pending before a state court. Missouri has no special interest in resolving the policy dispute now properly before this Court. For the reasons stated, the Court finds the third *Scottsdale* factor weighs in favor of proceeding with the declaratory action.

iv. **Efficiency**

Defendant Moser argues that Plaintiff's action is a common claim brought by insurers within Missouri courts, and Missouri has responded by establishing a well-reasoned framework to balance all involved parties; interests in judiciously resolving such claims with minimal delay. Defendant Moser additionally argues that to force the issue to be litigated in piecemeal fashion under two separate rules of discovery will only create inefficiencies that can be avoided by allowing the Missouri court to proceed with the claim. Plaintiff first argues that there is no pending action in the state court that concerns the issue of whether Plaintiff must defend or indemnify the Norris Defendants. Plaintiff argues that it has already filed a Motion for Summary Judgment in this federal court action and if it were to file a new declaratory judgment action in state court, it would then have to wait 30 days before filing the same Motion for Summary Judgment in the state court. *See* Mo. Sup. Ct. R. 74.04(a).

10

Case 3:25-cv-05031-MDH    Document 77    Filed 08/11/25    Page 10 of 13

The Court finds that the issue raised would not be more efficiently raised in the state court rather than the federal court. Currently there is no pending action in the state court that concerns the issue of whether Plaintiff must defend or indemnify the Norris Defendant. While the Court acknowledges that the state court would be capable of hearing a declaratory judgment action in the underlying state proceeding, it would be more efficient to continue the declaratory judgment action in federal court rather than to initiate the same process in state court. For the reasons stated, the Court finds the fourth *Scottsdale* factor weighs in favor of proceeding with the declaratory action.

v. **Entanglement Between the Federal and State Court Systems**

Defendant Moser argues that allowing this action to proceed will result in unnecessary entanglement between federal and state court systems given it presents of overlapping issues of fact and law. Defendant Moser argues that both courts have already been asked pursuant to different procedural rules to determine whether it should hear Plaintiff's claim. Additionally, Defendant Moser argues that the factual matters relevant to coverage issues will also be relevant to the wrongful death state claims. Plaintiff argues that the fifth factor weighs in favor of proceeding with the declaratory judgment action because any common issues do not hinge on the same questions of law, the state action is based in tort and the federal action in contract. Plaintiff further argues that any overlapping issues of fact are insignificant given that the federal court would not be making tort-based factual determinations like the state court.

The Court finds that allowing this action to proceed will not result in unnecessary entanglement between the federal and state court systems. Under Missouri law, the insurers duty to defend is determined by comparing the language of the insurance policy with the allegations in the underlying complaint. *McCormack Baron Mgmt. Servs., Inc. v. Am. Guarantee & Liab. Ins.*

11

*Co.*, 989 S.W.2d 168, 170 (Mo. 1999); *see also Butters v. City of Independence*, 513 S.W.2d 418, 424 (Mo. banc 1974). As such, the Court's determination of whether Plaintiff has a duty to defend the Norris Defendants is not dependent on any factual determinations that will be made in the state proceeding. The facts at issue in the underlying state wrongful death suit revolves around whether the injuries, damages, and death of Decedent were directly caused by or directly contributed to be caused by the negligence of the Norris Defendants. In contrast, the facts at issue in determining whether Plaintiff has a duty to indemnify or defend the Norris Defendants include whether the allegations of Defendant Moser's state petition fall within the terms of the insurance policy. Any factual overlap with respect to indemnification or duty to defend is insignificant given the claims of Defendant Moser's state petition. For the reasons stated, the Court finds the fifth *Scottsdale* factor weighs in favor of proceeding with the declaratory action.

    vi.    **Procedural Fencing**

Defendant Moser argues that Plaintiff has chosen to proceed in the present manner for procedural fencing and to achieve a federal hearing in a case otherwise not removable. Defendant Moser argues that the underlying wrongful death action all parties were citizens of Missouri and that Plaintiff would be unable to remove that case to federal court. Defendant Moser further argues that despite filing an answer in the state case, Plaintiff is attempting to stay all proceedings and drag each and every party into a federal case. Plaintiff argues that no result in this declaratory judgment action could operate as *res judicate* in Defendant Moser's state court wrongful death action, either, as this action is not litigating the same claim. Plaintiff further argues that Defendant Moser's arguments are baseless as there is no other pending litigation that would determine insurance coverage and therefore no procedural fencing or forum shopping to determine the best venue for a coverage determination.

12

The Court finds no indication of procedural fencing in this case. Plaintiff was allowed to bring its declaratory judgment action in this case and moved to intervene in the underlying state wrongful death case with the purpose of staying the state proceeding. The Court notes that there is no other pending litigation that would determine insurance coverage and, therefore, no procedural fencing or forum shopping to determine the best venue for a coverage determination. For the reasons stated, the Court finds the sixth *Scottsdale* factor weighs in favor of proceeding with the declaratory action. The Court having reviewed the six *Scottsdale* factors above, find they weigh against abstention.

## CONCLUSION

For the reasons set forth herein, Defendant Moser's Motion to Dismiss is **DENIED**. Alternatively, Defendant Moser's Motion to Stay is **DENIED**.

**IT IS SO ORDERED**.

DATED: August 11, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**